Filed 8/21/25  P. v. Andrews CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085928 |
| v. | (Super.Ct.No. RIF2102616) |
| SOLOMON ANDREWS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Rene Navarro, Judge.

Dismissed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Solomon Andrews filed a petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1),[1] which the court took off calendar.

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and raising one potentially arguable issue: whether the court abused its discretion in taking the matter off calendar and implicitly denying the relief requested.

We offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant requests that we strike or remove all enhancements attached to his sentence. He contends the trial court violated his due process rights because he was not arraigned or mirandized on the charges he faced at trial, and that the court erroneously found that he had suffered two prior strike convictions. We dismiss.

## I. PROCEDURAL BACKGROUND

On September 1, 2022, a jury found defendant guilty of assault with a deadly weapon (§ 245, subd. (a)(1), count 1) and carrying a concealed dirk or dagger (§ 21310, count 4). The jury also found true allegations defendant had suffered two prior serious

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

2

felony convictions. (§ 667, subd. (a).) (*People v. Andrews* (Jul. 12, 2024, E080840) [nonpub. opn.] (*Andrews*).)

The court thereafter found that defendant had suffered two prior strike convictions. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) The court granted defendant's motion to strike the two prior serious felony conviction enhancements, but it denied his request to strike the prior strike convictions and reduce the count 4 offense to a misdemeanor. The court then sentenced defendant to state prison for 25 years to life for the assault and a consecutive term of four years for the weapons possession. (*Andrews*, *supra*, E080840.)

Defendant appealed the judgment. We affirmed. We issued the remittitur on October 4, 2024. (*Andrews*, *supra*, E080840.)

On November 18, 2024, defendant filed a form petition for recall and resentence pursuant to section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*). In his attached statement, defendant complained that he was never arraigned or mirandized on the charges for which the jury found him guilty, the People "stacked cases on" him, the offenses were never reported, and he is not guilty of the offenses for which the jury convicted him.

The court set the matter on calendar as a section 1172.7, subdivision (a) and/or section 1172.75, subdivision (a) motion. At the hearing on March 21, 2025, counsel for defendant noted, "I don't believe that [defendant] is eligible for relief under that Penal Code because he was not sentenced to any prison priors. Furthermore, the petition that he filed was under [section] 1170[, subdivision] (d). He's not eligible for relief under

3

that section either. And so[,] for that reason, I ask just to take it off calendar at this point." The court took the matter off calendar "for the reasons stated by counsel."

## II. DISCUSSION

Penal Code section 1172.7, subdivision (a) rendered most sentencing enhancements imposed pursuant to Health and Safety Code section 11370.2 prior to January 1, 2018, invalid. Defendants can obtain relief if the California Department of Corrections and Rehabilitation (CDCR) identifies them as persons currently serving a term of judgment including such enhancements. (§ 1172.7, subd. (b).)

Section 1172.75, subdivision (a) rendered invalid any prior conviction enhancements pursuant to section 667.5, subdivision (b) other than those imposed for a sexually violent offense. Again, defendants can obtain relief if the CDCR identifies them as persons currently serving a term of judgment including such enhancements. (§ 1172.75, subd. (b).)

Section 1170, subdivision (d) permits a defendant to file a petition for recall and resentencing if the court sentenced him to imprisonment for life without the possibility of parole, for an offense the defendant committed when he was under the age of 18, and the defendant has served at least 15 years of that sentence. (*Heard*, *supra*, 83 Cal.App.5th at pp. 617-618.)

Where a defendant files a statutorily unauthorized "freestanding" petition, both the court below and this court lack jurisdiction to consider the arguments raised therein; thus, the appeal must be dismissed. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 381 ["'[A]

4

defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm.'"]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448-449; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 695-696 [Trial court's act of declining to rule on defendant's statutorily unauthorized petition was not appealable and required that the appeal be dismissed].)

First, the remedial statutes for which the court set the matter on calendar both require that the CDCR initiate the proceedings. Here, the CDCR did not do so. Thus, under both those statutes, neither the court below nor this court have jurisdiction in the matter. Second, both those statutes would have been inapplicable to defendant regardless because his judgment does not contain any of the statutorily enumerated enhancements.

Third, the basis for relief defendant identified in the title of his petition, under section 1170, subdivision (d), applies only to those sentenced to imprisonment for life without the possibility of parole, for an offense a defendant committed when he was under the age of 18, and for which the defendant has served at least 15 years of that sentence. (*Heard*, *supra*, 83 Cal.App.5th at pp. 617-618.)

Here, defendant was not under the age of 18 when he committed the instant offenses, the court did not sentence defendant to imprisonment for life without the possibility of parole, and defendant has not served at least 15 years of his sentence. Thus, defendant was statutorily ineligible for relief under section 1170, subdivision (d).

Fourth, although defendant titled his petition below as one coming under section 1170, subdivision (d), the substance of defendant's petition was that he was purportedly never arraigned or mirandized on the charges for which the jury found him guilty, the People "stacked cases on" him, the offenses were never reported, and he is not guilty of the offenses for which the jury convicted him. Defendant makes some of these same complaints on appeal; defendant adds only that the court erred in finding that he had suffered two prior strike convictions.

However, the statutory bases cited in defendant's petition do not afford defendant "a new opportunity to raise claims of trial error or attack the sufficiency of the evidence . . . ." (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord, *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal."].) Here, defendant previously appealed from the judgment, which this court affirmed. (*Andrews*, *supra*, E080840.) Defendant could have and should have raised these issues in his appeal from the judgment. He has not explained any reason why he could not have reasonably done so.

Fifth and finally, defendant began serving his sentence on February 28, 2023, and his conviction was final on October 4, 2024, when we issued the remittitur. Thus, defendant's "freestanding" petition conferred neither the court below nor this court with jurisdiction in the matter. (*People v. Burgess*, *supra*, 86 Cal.App.5th at p. 381.) Therefore, the appeal must be dismissed.

6

### III.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

MENETREZ
J.